**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

LEBOHANG MORAKE,

Plaintiff-Appellant,

v.

NANDI MORAKE,

Defendant-Appellee.

No.  20-55055

D.C. No. 2:19-cv-07374-MWF-PLA

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 16, 2021[**]

Before:  GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Lebohang Morake appeals from the district court's judgment dismissing his diversity action alleging state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed appellant's action on the basis of claim preclusion because the claims involved the same primary right raised in a prior state court action that resulted in a final judgment on the merits. *See San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (federal court must follow state's preclusion rules to determine effect of a state court judgment; discussing elements of claim preclusion under California law); *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (under the primary rights theory, "a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellee's request for an award of costs on appeal, set forth in the answering brief, is denied without prejudice to re-filing in compliance with Federal Rule of Appellate Procedure 39 and Ninth Circuit Rule 39-1.

**AFFIRMED.**